## MURTAGH v. JOLINE et al.

### (Supreme Court, Appellate Term. November 12, 1909.)

1. MASTER AND SERVANT (§ 198*)—INJURIES TO SERVANT—STREET RAILROAD—"FELLOW SERVANT."

Where a street car motorman was injured in a collision at a crossing, proximately resulting from the negligence of the motorman of the colliding car, who "got excited" as his car approached collision, and did not think to use the overhead switch to throw off the power, plaintiff's injuries were the result of the negligence of a "fellow servant," for which defendants were not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 506–509; Dec. Dig. § 198.*

For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.]

2. MASTER AND SERVANT (§ 170*)—INJURIES TO SERVANT—NEGLIGENCE—SELECTION.

Where a street railway motorman was in defendant's school of instruction for four weeks before he was given a certificate, evidence that he was not instructed in the use of a patent controller was insufficient to show that defendants were negligent in employing him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 336; Dec. Dig. § 170.*]

Appeal from City Court of New York, Trial Term.

Action by Daniel Murtagh against Adrian H. Joline and another, as receivers of the New York City Railway Company. From a judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the New York City Court in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Dexter, Osborn & Fleming (Bayard H. Ames and John Montgomery, of counsel), for appellants.

James E. Duross, for respondent.

LEHMAN, J. The plaintiff, a motorman employed by the defendants on their Twenty-Third Street line, was injured by a collision between his car and a car operated by the defendants on their Eighth Avenue line. The complaint alleges that the accident occurred through the negligence of the defendants in employing an incompetent and unfit motorman on the Eighth Avenue line, knowing his unfitness and lack of skill, and in furnishing unsuitable, improper, and insufficient motors, motor boxes, and brakes on the said Eighth Avenue car. The evidence of the motorman's unfitness and lack of skill and training consists of his statement that there was a patent controller on the car, and that this was the first time he had used this controller, and he had received no instructions in its use. The testimony as to defective appliances is extremely vague. Shortly stated, it consists of a conversation between the motorman and the starter of the defendants at Fiftieth street before the accident, in which the starter asked the motorman why he was late. The motorman said that he did not know what was the matter with the car, and did not know why he was late, nor why he could not make the car go at full speed, and the starter then directed him to take the car to Thirteenth street and return with the car empty. This testimony is uncontradicted. In addition, the "trouble man" of the defendants testified that he examined the car 20 minutes after the accident, and one shoe brake was off, but that the shoe brake pin was still on, and the shoe brake could not have fallen off, but must have worn off. This testimony is contradicted by the report which the "trouble man" signed after the examination, which stated that the car was O. K.

If the plaintiff had supplemented this evidence by proof that the accident occurred, either through the failure of the motorman to operate the controller properly or through failure of the brakes, then, possibly, the verdict of the jury might be sustained; but the only direct testimony as to the collision is contained in the testimony of the motorman, who says that just before he approached Twenty-Third street he was going at a high rate of speed; that just before the collision, when he thought he had time to stop the car before striking the Twenty-Third Street car, he started to throw off the power, and he could not tell whether the power was off or not, but the car still rolled on until it struck the Twenty-Third Street car; that he tried to throw off the power by the controller, and thinks that he did not succeed, but does not know; that he tried to put on the brakes; that he got excited when he came to the crossing, and tried to put on the reverse, and as soon as he struck the other car his car came to a standstill. He did not use

the overhead switch to throw off the power, although he had been instructed to do so in the school of instruction, because, as he says:

"I was going at a high rate of speed, and, when I seen I was going to collide with the other man, I got excited and I did not think of it."

In view of this testimony, it is impossible to say that the accident occurred through the inability of the motorman properly to use the controller, because he does not even know whether he succeeded in shutting off the power; nor can the collision be ascribed to the alleged defective brakes, because the only testimony as to this is that he tried to put on the brakes. He does not say how or when he tried to put them on, nor whether he succeeded. Moreover, the defendants' uncontradicted testimony is that each car had four shoe brakes, and that the absence of one would have little effect on the efficiency of the brake as a whole. The motorman's testimony is not reluctantly elicited; but he is a friendly witness of the plaintiff, appearing voluntarily, and not under subpœna, and is a discharged employé of the defendants. His testimony shows that the cause of the collision was his own negligence, or, as he says: "He got excited."

If the collision was due to his negligence, then, since he was a fellow employé of the plaintiff, the plaintiff cannot recover, without showing that the defendants were negligent in giving him control of the car. With the exception of the testimony that he was not instructed in the use of the patent controller, there is no evidence of any kind that the defendants did not use due care in selecting him as an employé. On the contrary, it affirmatively appears that he was in the defendants' school of instruction for four weeks before the head of the school gave him a certificate.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.